HUGH BRONSON, Appellant, v. FENTON HARDWARE COMPANY, Appellee.

**TRIAL:** Verdict—Absence of Evidence. The absence of any legitimate evidence of a measure of damages necessarily forces the court to direct a verdict against the party having the burden of proof.

*Appeal from Kossuth District Court.*—JAMES DELAND, Judge.

DECEMBER 15, 1922.

ACTION for damages for breach of warranty in the sale and installation for plaintiff by defendant of a private light and power plant upon the plaintiff's farm. The purpose of the plant was to furnish light for the various buildings on plaintiff's farm, and to furnish power for pumping water, and for other purposes. The defense was, in substance, a general denial. At the close of plaintiff's evidence, the trial court directed a verdict for the defendant, and the plaintiff appeals.—*Affirmed.*

*Harrington & Dickinson* and *P. A. Bronson,* for appellant.

*E. A. Morling* and *Sullivan, McMahon & Linnan,* for appellee.

EVANS, J.—The written contract or memorandum between the parties was as follows:

"Date...................191..
"Subject:
"Messrs. Fairbanks, Morse & Co.

| | |
|---|---:|
| Fresh water system 38x10 ft. | 492.60 |
| Light Plant | 550.00 |
| Piping for water system | 55.00 |
| Plumbing | 337.15 |
| Fix for house | 65.00 |
| Wiring House | 150.00 |
| | 1,649.75 |
| Special price | 1,600.00 |

"All work shall be done in good workmanlike manner.
> "Fenton Hdw. Co.

"Water system and electric light plant are guaranteed in workmanship and material *to do work required.*
> "[Signed]   Hugh Bronson.

"Plant to be paid for when installed and tested out."

The plant described in the foregoing was installed substantially complete, excepting a few minor items. $1,500 of the purchase price was paid thereon. The plant was put in operation, and appeared to work successfully for several months. In the course of five or six months, certain valves became corroded in the cylinders located in well and cistern, and the defendant was unable to repair them. In the course of 12 or 13 months, a break occurred in some part of the engine, which fully stopped the operation of the entire installation. What the break was in the engine was not disclosed in the evidence. Considerable oral evidence offered by the plaintiff was rejected by the court, on the ground that the subject-matter of such proposed evidence was covered by the writing between the parties. Complaint is largely directed in this appeal to those rulings. It will be noted that the written guaranty above set forth guaranteed the plant "to do work required." The writing was, therefore, sufficiently broad in itself to predicate a claim of damages for breach of the written warranty, if the plant failed to do the work required. The trial court also recognized the right of the plaintiff to the benefit of an implied guaranty that the installation would be suitable to the purpose for which it was purchased, as was held by us in *Pew Co. v. Karley & Titsenor,* 168 Iowa 170. The errors assigned as grounds of reversal pertain largely to the exclusion of the testimony concerning oral statements made prior to the written contract. Upon the record before us, we see little occasion for consideration of these questions of oral evidence. The plaintiff had little need of such evidence, in view of the broad scope of the writing itself. Quite outside of the questions thus argued, there is a fatal defect in plaintiff's case as it is presented here. The plaintiff sued for damages for breach of warranty. He alleged his damages at $2,500. He predicated his measure of damages wholly upon the fact that, upon the

failure of the system to work, he was "compelled to carry water about the premises," and "to be without the service of electric lights." On the trial, he rested his case without any legitimate evidence of a measure of damages. By amendment to his petition, he did plead that the plant as installed was worthless for his purpose. If this allegation were provable as a measure of damages, yet he failed to prove it. In his argument here, he urges the point that he had never accepted the installation, and that, therefore, the plant still continued to be the property of the defendant. But this position is wholly inconsistent with his pleading. It was not the theory upon which his case was tried. There was no suggestion in his petition or amendment that he had at any time rescinded the contract, or rejected or tendered the return of the plant to the defendant. In order to be heard here, upon errors assigned as grounds of reversal, it is incumbent upon him to disclose a sufficient case to entitle him to go to the jury. If the trial court had ruled in his favor upon all questions of evidence upon which he assigns error, it would still have been its duty to direct a verdict against him, for want of any proof of measure of damages.

Upon such a record, the consideration of other errors becomes quite moot. For this reason, the judgment below must be—*Affirmed*.

STEVENS, C. J., ARTHUR and FAVILLE, JJ., concur.